IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JAVIER MENDOZA, on behalf of himself and other similarly situated employees, ) ) ) | | |
| Plaintiff, ) ) | Case No. | |
| v. ) ) | Judge | |
| PREMIMUM PARKING LLC., and MANUEL A. FUENTES ALVAREZ, individually, ) ) ) ) | Magistrate Judge | |
| Defendants. ) | | |

**COMPLAINT**

Plaintiff Jose Javier Mendoza, through his attorneys, for his Complaint against Defendants Premium Parking LLC, and Manuel A. Fuentes Alvarez, individually, states as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for: 1) Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL, 2) Defendants' failure to pay Plaintiff earned wages for all hours worked in violation of the IWPCA, and 3) Defendants' practice of taking unlawful deductions from Plaintiff's wages in violation of the IWPCA. For the overtime wage claim arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

**A.** <u>Plaintiff</u>

4. During the course of his employment, Plaintiff:

   a. has handled goods that move in interstate commerce;

   b. was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS 115/2; and

   c. resides in and is domiciled in this judicial district.

**B.** <u>Defendants</u>

5. Within the relevant time period, Defendants have done business as Premium Parking within this judicial district.

6. Within the relevant time period, Defendant Premium Parking LLC:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the

production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    d.    has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    e.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

7. Within the relevant time period, Defendant Manuel A. Fuentes Alvarez:

    a.    has been the owner and operator of Defendant Premium Parking LLC.;

    b.    among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff and other similarly situated employees, to authorize payment of wages to Plaintiff and other similarly situated employees, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.    operates within this judicial district and within the state of Illinois; and

    d.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## FACTUAL BACKGROUND

8. Defendant Manuel A. Fuentes Alvarez owns and operates Premium Parking LLC, located at 1016 W. Jackson Street in Chicago, Illinois.

9. From approximately November 15, 2017 until approximately March 3, 2018, Plaintiff was employed as a valet for Defendants' valet parking business.

10. Throughout his employment with Defendants, Plaintiff was paid at an agreed-upon rate plus gratuities in cash on a weekly basis for all hours worked in a given pay period.

11. Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

12. Within the three (3) years prior to Plaintiff filing this complaint, Defendants have likewise directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, but did not compensate them at one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

13. Defendants instead paid Plaintiff and other similarly situated employees at their regular rate of pay, or straight time, for all time worked.

14. Defendants' practice resulted in a failure to compensate Plaintiff and other similarly situated employees at one and a half times their regular rate of pay in violation of the overtime requirements of the FLSA and the IMWL.

15. For approximately the first two (2) weeks and the last week of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked at his agreed-upon rate of pay.

16. Defendants' failure to compensate Plaintiff at the agreed-upon rate for any of his hours worked, as described above, resulted in violations of the IWPCA.

17. During the relevant time period, Defendants had a practice of making unlawful deductions from Plaintiff's wages. For example, Defendants deducted arbitrary amounts for

random actions, including, but not limited to, burping in front of customers, from Plaintiff's wages without his authorization.

18. Defendants' unlawful deductions from Plaintiff's earned wages resulted in a violation of the IWPCA.

## COUNT I
### Violation of the FLSA – Overtime Wages
### Plaintiff on behalf of himself and other similarly situated employees
*Section 216(b) Collective Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 18 as though set forth herein.

19. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff and similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 11-14, *supra*.

20. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

21. Other similarly situated employees were likewise directed to work by Defendants and, in fact, did work in excess of forty (40) hours in individual work weeks.

22. Plaintiff and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

23. Plaintiff and other similarly situated employees were entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

24. Defendants did not pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

25. Defendants' failure to pay Plaintiff and other similarly situated employees their overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

26. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the Collective pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent to represent is attached hereto as Exhibit A.

B. A judgment in the amount of unpaid overtime wages for all time Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendants violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT II
**Violation of the IMWL – Overtime Wages**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 26 as though set forth herein.

27. This Count arises from the Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in an individual work week, described more fully in paragraph 11-14, *supra*.

28. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

29. Plaintiff was not exempt from the overtime provisions of the IMWL.

30. Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

31. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

32. Defendants' failure to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

33. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, as provided by the IMWL;

b. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

c. That the Court declare that Defendants have violated the IMWL;

d. That the Court enjoin Defendants from violating the IMWL;

e. Reasonable attorneys; fees and costs as provided by the IWML, 820 ILCS 105/1 *et seq.*; and

f.  Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the IWPCA – Unpaid Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 33 as though set forth herein.

34. This Count arises from Defendants' violation of the IWPCA for Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraph 15-16, *supra*.

35. During the course of Plaintiff's employment with Defendants, the parties had an agreement that the Defendants would compensate Plaintiff at the agreed-upon rate for all time worked.

36. Defendants did not compensate Plaintiff at the agreed-upon rate for all time worked.

37. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed-upon by the parties.

38. Defendants' failure to compensate Plaintiff for all time worked at the rate agreed-upon by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.  A judgment in the amount of unpaid earned wages for all time worked by Plaintiff, as provided by the IWPCA;

b.  Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/14;

c.  That the Court declare that the Defendants have violated the IWPCA;

d.  That the Court enjoin the Defendants from violating the IWPCA;

e.  Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/14(a); and

f.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the IWPCA – Unlawful Deductions

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 38 of this Complaint, as though set forth herein.

39. This Count arises from Defendants' practice of making unlawful deductions from Plaintiff's earned wages, as described more fully in paragraphs 17-18, *supra*.

40. During the course of his employment with Defendants, Plaintiff had an agreement with Defendants within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

41. Defendants had a practice of making unlawful deductions from Plaintiff's earned wages without authorization from Plaintiff in writing as required by the IWPCA. Such deductions: (a) were not required by law; (b) were not to Plaintiff's benefit; (c) were not in response to a valid wage assignment or wage deduction order; and (d) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

42. Defendants' practice of making unlawful deductions from Plaintiff's earned wages violated the IWPCA.

43. Plaintiff is entitled to recover all unlawful deductions made from his earned wages for a period of ten (10) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.  A judgment in the amount of all unpaid wages due Plaintiff as provided by the IWPCA;

b.  Statutory damages as provided by the IWPCA;

c.  That the Court declare that Defendants have violated the IWPCA;

      d.        That the Court enjoin Defendants from violating the IWPCA;

      e.        Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

      f.        Such other and further relief as this Court deems appropriate and just.

Dated: September 28, 2018                        Respectfully submitted,

                                                            <u>s/Javier Castro</u>
                                                             Javier Castro
                                                              Lydia Colunga-Merchant
                                                              Raise the Floor Alliance – Legal Dept.
                                                              1 N. LaSalle, Suite 1275
                                                              Chicago, Illinois 60602
                                                              (312) 795-9115

                                                              Attorneys for Plaintiff